Ronald Wilcox, Bar #176601
Wilcox Law Firm, P.C.
2021 The Alameda, Suite 200
San Jose, CA 95126
Tel: (408) 296-0400
Fax: 408-296-0486
ronaldwilcox@gmail.com

Jim G. Price, Bar # 119324
Delta Law Group
P.O. Box. 1417
Brentwood, California 94513
Tel: 925-615-4686
Fax: 925-516-4058
lawofficesofjgp@sbcglobal.net

Attorney for Plaintiff
DORIE A. SYLVIA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA
(Sacramento Division)

| | |
|---|---|
| DORIE A. SYLVIA, an individual,<br>　　　　Plaintiff,<br>　vs.<br><br>NEW PENN FINANCIAL, LLC a/k/a<br>SHELLPOINT MORTGAGE SERVICING,<br>and **DOES 1 through 10**, inclusive,<br><br>　　　　Defendant. | Case #:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

-1-

**COMPLAINT FOR DAMAGES**

## INTRODUCTION

1. Defendant telephoned Plaintiff more than two hundred fifty (250) times in about 18 months (November 2015 to the present), approximately 200 times in the past year, at about 16 times per month, including multiple times per day, in an attempt to collect a debt that is allegedly past due, although it is not, despite her repeated requests they cease. Defendant placed numerous calls to Plaintiff's cell phone via use of an automated telephone dialing system, and left pre-recorded messages, without Plaintiff's consent. The attempts to collect the debt continue to today, and in spite of Plaintiff's oral and written requests (80 calls made after her written request to cease calling was sent) that Defendant stop calling her, and despite Plaintiff leaving a message for Defendant that the repeated calls were stressing her out so much that she was going to suffer a nervous breakdown because of them.

2. Congress has stated:

> "There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to **invasions of individual privacy**."

3. Defendant's unlawful conduct caused Plaintiff severe emotional distress, including physical and emotional harm, including but not limited to: stress, anxiety, embarrassment, lack of concentration, anger, frustration, helplessness, sleeping problems, and the like.

4. Defendant engages in a pattern and practice of the harassing and intrusive telephone calls and collection practices.

## PARTIES

5. Plaintiff, DORIE A. SYLVIA ("Plaintiff"") is, and at all times herein mentioned was, a natural person who resides in the City of Lincoln, County of Placer, and State of California. She is a "person" as defined by and protected under California Civil Code 1788.2(g).

6. New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing is and at all times herein mentioned was, on information and belief, a corporation which lawfully conducts business in the State of California. Defendant is a debt collector as defined by California Civil Code § 1788.2(c).

7. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants DOES 1-10 inclusive, are unknown to plaintiff who, therefore, sues said defendants by such fictitious names. Plaintiff will amend this complaint to show their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges, that each of said defendants is responsible in some manner for the events and happenings, and proximately caused the injuries and damages, hereinafter alleged.

## JURISDICTION AND VENUE

8. Jurisdiction of this Court arises under 47 U.S.C. § 227 and 28 U.S.C. § 1331. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

9. Since Defendants conduct business within the State of California, personal jurisdiction is established in this Court.

10. Venue is proper pursuant to 28 U.S.C. 1391.

## FACTUAL ALLEGATIONS

11. Plaintiff's mortgage is currently serviced by Defendant.

12. Unfortunately, Defendant began contacting Plaintiff indicating that her mortgage payments were late.

13. On November 27, 2015, Plaintiff spoke with Jamie Sullivan at Shellpoint and instructed that Shellpoint stop calling her. Shellpoint continued to call her.

14. On December 1, 2015, Plaintiff spoke with Maria at Shellpoint and instructed that Shellpoint stop calling her. Shellpoint continued to call her.

15. On July 27, 2016, Plaintiff spoke with Rochelle at Shellpoint and instructed that Shellpoint stop calling her. Shellpoint continued to call her.

16. On January 1, 2017, Shellpoint called Plaintiff at her work and left a message. Plaintiff called Shellpoint back that day and spoke with Merlin, and told him too to stop calling

17. On January 18, 2017, Plaintiff sent Shellpoint a written request that it stop calling her. Defendant continues to call Plaintiff to this day. Shellpoint called Plaintiff approximately 80 times since Plaintiff sent Shellpoint the cease letter.

18. On March 2017, after the calls continued, Plaintiff called Shellpoint and asked to speak with a person higher than supervisor, because supervisors were not able to make the calls stop. She was transferred to Robin, and Plaintiff left a voicemail explaining that the calls were stressing her out and were going to cause her to suffer a nervous breakdown. The calls continued.

19. To date, Defendant has telephoned Plaintiff more than 250 times in about 18 months including multiple times per day (from November 2015 to the present), and approximately 200 times in the past year, in an attempt to collect a debt, despite her repeated requests they cease.

20. Defendant placed numerous calls to Plaintiff's cell phone via use of an automated telephone dialing system, and left pre-recorded messages, without Plaintiff's consent.

21. The calls were repeated, and with a frequency as to harass.

## FIRST CAUSE OF ACTION

*(California Civil Code § 1788)*

22. Plaintiff reaffirms and realleges paragraphs above herein as if specifically set forth more fully herein below.

23. Defendant is included in the class of entities whose debt collection activities are regulated under California Civil Code section 1788 et seq, as defined by California Civil Code § 1788.2(c).

24. Plaintiff is a "person" as defined by California Civil Code § 1788.2(g).

25. Plaintiff is a "debtor" as defined by California Civil Code § 1788.2(h).

26. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer transaction. As such, this action arises out of a "consumer debt" as those terms are defined by California Civil Code § 1788.2(f).

27. Defendant's acts and omissions violated California Civil Code § 1788 *et seq*, the Rosenthal Fair Debt Collection Practices Act, including, but not limited to the below activity:

    a.    Defendant violated § 1788.11(d) by calling Plaintiff repeatedly and continuously.

    b.    Defendant violated § 1788.11(e) by communicating by telephone with Plaintiff in such frequency as to be unreasonable and to constitute harassment to the Plaintiff under the circumstances.

    c.    Defendants violated § 1788.17 by engaging in conduct the natural consequence which is to abuse or harass (including causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number); making false deceptive and misleading statements in an attempt to collect a debt, taking action one cannot legally take; using unfair or unconscionable practices in an attempt to collect a debt, prohibited by 15 U.S.C. § 1692 *et seq*.

28. Plaintiff is entitled to statutory damages (pursuant to §§1788.17 and 1788.32, cumulatively), actual damages and attorney fees and cost of suit.

29. Plaintiff suffered actual damages and emotional distress as describe above.

**SECOND CAUSE OF ACTION**

*(Invasion of Privacy – Intrusion on Seclusion)*

30. Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs above as though fully stated herein.

31. Defendant's outrageous, abusive, and undignified acts as described herein constituted intrusion upon Plaintiff's seclusion.

32. Defendants intruded upon the solitude or seclusion, private affairs or concerns of Plaintiff.

33. The intrusion was substantial, and of a kind that would be highly offensive to an ordinary reasonable person.

34. The intrusion caused Plaintiff to sustain injury, damage, loss or harm in the form of emotional distress mentioned above.

35. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered damages in an amount to be determined by proof and a finder of fact at trial.

36. Defendant acted with oppression, fraud, and/or malice, thereby entitling Plaintiff to punitive damages in an amount according to proof and a finder of fact at trial.

### THIRD CAUSE OF ACTION

*(Negligent Infliction of Emotional Distress)*

37. Plaintiff incorporates by reference the above paragraphs as though fully stated herein below.

38. Defendant's outrageous, abusive and intrusive acts as described herein constituted negligence.

39. Defendant negligently inflicted emotional distress.

40. Defendant breached a duty imposed and failed to exercise ordinary care.

41. Defendant owed Plaintiff a duty to refrain from unlawful debt collections (California Civil Code § 1788 et seq.), and unlawful telephone conduct pursuant to Penal Code §653m and Telephone Consumer Protection Act.

42. The breach of such duty proximately caused injury to Plaintiff.

43. The injury resulted from an occurrence the nature of which these statutes were designed to protect Plaintiff from.

44. Plaintiff is a member of the class of persons the statutes were designed to protect.

45. Defendant's conduct, as described herein, was wrongful conduct in that the Defendant conducted its business in an abusive, oppressive, and harassing manner.

46. Defendant negligently trained, supervised, and retained, its employees and agents.

47. Defendant's wrongful conduct as described herein actually and proximately caused the Plaintiff severe and serious emotional distress in that the Defendant's wrongful conduct has caused harm as described above.

48. It is clearly foreseeable that Defendant's actions as described herein could cause harm, including severe and serious emotional distress

49. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages in an amount to be determined at trial. Defendant's wrongful conduct as described herein actually and proximately caused the Plaintiff's harm as noted above.

50. Defendant acted with oppression, and/or malice, thereby entitling Plaintiff to punitive damages in an amount to be determined at trial. Defendant acted in a despicable manner and acted with a conscious disregard to the rights of Plaintiff.

51. On information and belief, Defendant's officers, directors or managing agents authorized or ratified the wrongful acts herein.

52. On information and belief, Defendant's officers, director's or managing agents are personally guilty of oppression, fraud or malice.

## FOURTH CAUSE OF ACTION

*(Negligent Training and Supervision)*

53. Plaintiff incorporates by reference the above paragraphs as though fully stated herein below.

54. Defendant negligently trained and supervised its employees and agents as to the performance of their job duties and as a result of such negligent instruction and supervision, the employees/agents, while carrying out their job duties, caused injury and damage to Plaintiff.

55. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages in an amount to be determined at trial.

56. Defendant acted with oppression, and/or malice, thereby entitling Plaintiff to punitive damages in an amount to be determined at trial. Defendant acted in a despicable manner and acted with a conscious disregard to the rights of Plaintiff.

**FIFTH CAUSE OF ACTION**

*(Telephone Consumer Protection Act)*

57. Plaintiff repeats, re-alleges and incorporates by reference all other paragraphs.

58. At all times relevant to this complaint, the Plaintiff was and is a "person" as defined by the TCPA 47 U.S.C. § 153(32).

59. At all times relevant to this complaint, the Defendants owned, operated, and or controlled "customer premises equipment" as defined by the TCPA, 47 U.S.C. § 153(14) that originated, routed, and/or terminated telecommunications.

60. The Defendants, at all times relevant to the complaint herein, engage in "telecommunications" as defined by the TCPA, 47 U.S.C § 153(43).

61. The Defendant, at all times relevant to the complaint herein, engage in "interstate" communications" as defined by the TCPA, 47 U.S.C. § 153(22).

62. At all times relevant to this complaint, Defendants have used, controlled, and/or operated "wire communications" as defined by the TCPA, 47 U.S.C. § 153(52), that existed as instrumentalities of interstate and intrastate commerce.

63. At all times relevant to this complaint, Defendants have used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. § 64.1200 (f) (1).

64. Defendants violated the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227(b)(1)(A), by using an automatic telephone dialing system to telephone a cellular phone, without Plaintiff's consent.

65. Defendants' violations were willful and knowing.

66. As a result of these violations of the TCPA, Defendants are liable to Plaintiff for statutory damages, including treble damages.

67. Defendants engaged in willful and knowing violations of the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227(b)(1)(A).

68. Defendants used an automated dialing system and pre-recorded messages to telephone Plaintiff's cellular telephone, without her consent.

69. Defendant acts were willful, intentional and knowing.

70. Defendants acted with oppression, fraud, and/or malice, thereby entitling Plaintiff to punitive damages in an amount according to proof and a finder of fact at trial.

71. Plaintiff is entitled to recover actual and punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

  i. Statutory damages pursuant to Cal. Civil Code § 1788.30(b) and Civil Code 1788.17.
  ii. Actual damages according to proof pursuant to Cal. Civil Code § 1788 and 1788.17, as well as common law;
  iii. An award of statutory damages of $500 dollars per incident for negligent violation of the TCPA and $1,500 per incident for willful violation of the TCPA;
  iv. Punitive damages;
  v. Attorneys' fees and costs
  vi. Such other and further relief that may be just and proper.

Dated: **July 6, 2017**

Jim G. Price
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

**NOW COMES** Plaintiff, DORIE A. SYLVIA, by and through her attorney, Ronald Wilcox, and hereby demands a trial by jury in the above-captioned matter.

Dated: **July 6, 2017**

Jim G. Price
Attorney for Plaintiff

**COMPLAINT FOR DAMAGES**